UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

JILL DRAKE,

        Plaintiff,                      Case No.: 3:21-cv-00855

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA, and
NAVY FEDERAL CREDIT
UNION

        Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiff, JILL DRAKE (hereinafter, "Plaintiff"), by and through the undersigned attorney, and files this Complaint stating a cause of action against Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter, "Defendant"/"LINA"), and NAVY FEDERAL CREDIT UNION (hereinafter, "Navy Federal"), alleging as follows::

1. This is an action for recovery of benefits under an employee welfare benefit plan brought pursuant to 29 U.S.C. Section 1001, Et Seq. ("ERISA") AGAINST LIFE INSURANCE COMPANY OF NORTH AMERICA, INC and under the law of Florida. Plaintiff seeks to recover

benefits she claims are due to her under the ERISA governed plan pursuant to 29 U.S.C. §1132(a)(1)(b) ("ERISA") and under State Law breach of contract under a "payroll practice" as more particularly described below. More specifically, Plaintiff seeks Short Term Disability Benefits, long-term disability benefits, and other benefits under her former employer's payroll practice and through the group policy issued by Defendants which she claims have been wrongfully denied.

## PARTIES

2. Plaintiff, JILL DRAKE, is and at all times material hereto was, an adult resident citizen of Escambia County, Florida.

3. Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA, INC. is, and at all times material hereto was, a foreign for-profit corporation incorporated under the laws of the State of Pennsylvania, and authorized to engage and engaging in business within the State of Florida, including the Northern District of Florida.

4. Defendant NAVY FEDERAL CREDIT UNION is, and at all times material was, a Credit Union chartered under the National Credit Union Act and authorized to engage and engaging in business within the State of

2

Florida, including the Northern District of Florida.

5.     At all times relevant to this action, Defendant Navy Federal Credit Union provided insurance short-term disability ("STD") benefits to Plaintiff pursuant policy SHD-0985190 ("the Short-Term Plan").

6.     At all times relevant to this action, Defendant Life Insurance Company of North America, Inc. provided insurance long term disability ("LTD") benefits and other benefits to Plaintiff pursuant to Life Insurance Company of North America policy LK- 0980205 ("the Long Term Plan")

7.     At all times relevant to this action, the Short-Term Plan and the Long Term Plan were in full force and effect and Plaintiff was a participant in both plans.

8.     Defendants are in possession of all master Plan Documents.

9.     Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA is a third party plan administrator or claims fiduciary given discretion to interpret Plan provisions and is a Plan fiduciary, or alternatively, is a Plan fiduciary without discretion to interpret Plan provisions.

## BASIS FOR JURISDICTION

10. This Court maintains subject matter jurisdiction over this action pursuant to 29 U.S.C. Section 1132(e) and 28 U.S.C. Section 1331. This Court maintains supplemental jurisdiction over the State Law claim pursuant to 28 U.S.C. Section 1367(a).

## FACTS APPLICABLE TO ALL COUNTS

11. Plaintiff purchased through her employer, Navy Federal Credit Union, a contract of salary continuance insurance including STD, LTD, and other benefits.

12. On or before June 3, 2020, Plaintiff became totally disabled from her "Own Occupation" as defined by the Plan as well as any "Other Occupation" as defined by the Plan, due to Degenerative Joint Disease, Neuropathy, Fibromyalgia, and Anxiety and other exertional and non-exertional impairments.

## COUNT I - SHORT TERM DISABILITY BENEFITS

13. Plaintiff made timely application for STD benefits to Defendant Navy Federal Credit Union, by and through its plan fiduciary, Defendant LINA, in compliance with the terms and conditions of such plan and Defendant

4

LINA's plan fiduciary claim procedure.

14. By letter dated October 5, 2020, Defendants or their agents denied Short Term Disability benefits beyond June 3, 2020.

15. Plaintiff timely appealed, and Defendants denied the appeal by letter dated April 7, 2021.

16. By letter dated June 10, 2021, Defendants or their agents denied that appeal.

17. Plaintiff continues to suffer from Degenerative Joint Disease, Neuropathy, Fibromyalgia, and Anxiety and other exertional and non-exertional impairments which render her disabled from her "Own Occupation" as defined by the Plan Language.

18. Plaintiff has exhausted all available administrative remedies afforded by the Plan and has otherwise complied with all conditions precedent to this action.

19. Defendants' denials of Plaintiff's claim for STD benefits was arbitrary and capricious, constituted abuse of Defendants' discretion under the Plan, and derogated Plaintiff's right to disability benefits under the terms of the Plan and was contrary to Florida Law.

20. Pursuant to the terms and conditions of Defendant's STD benefit plan, Defendants breached the terms and conditions of its employment agreement insuring Plaintiff for Short Term Disability Benefits.

21. As a direct, proximate, and foreseeable result of Defendants' breach of the employment agreement, Plaintiff has incurred the loss of disability Insurance Benefits, and other fringe benefits that were provided through Short Term Disability Benefit payroll deductions.

22. Pursuant to Florida Law, including, but not limited to Florida Statutes Title XXXVII, Section 627.428, Navy Federal is liable to pay all reasonable attorney's fees incurred in the successful prosecution of the aforesaid Short Term Disability Benefits Plan and collateral insurance and other employment benefits derived from such benefit eligibility, or Florida Statutes Title XXXI, Section 448.08, to the extent such benefits are wages under Defendant Navy Federal's salary continuance plan.

WHEREFORE, Plaintiff demands judgment for damages against Navy Federal, costs of this action, prejudgement interest on all economic losses, attorney's fees, prejudgment interest on all attorney's fees, and a trial by jury on all issues so triable.

## COUNT II - LTD BENEFITS

23.     Plaintiff timely made application for LTD and other benefits available under the employer sponsored plan by letter dated December 15, 2020, which was delivered via U.S. Mail Return Receipt Requested.

24.     An employee of the Defendant signed for receipt of the application on December 21, 2020.

25.     Defendant never acknowledged receipt of the LTD application.

26.     On February 26, 2021, Plaintiff re-sent the LTD application via U.S. Mail Return Receipt Requested.

27.     An employee of the Defendant signed for receipt of the application on March 8, 2021.

28.     Defendant never acknowledged receipt of this application nor took any action required of a fiduciary to review this claim for benefits.

29.     29 C.F.R. 2560.503-19(f)(iii)(3) allows a maximum of one hundred and five (105) days for a carrier to make a decision regarding a claimants eligibility for disability benefits under a plan governed by 29 U.S.C 1001 *et seq.*(ERISA).

30.     April 5, 2021 marks the one hundred and fifth (105th) day

following Defendant's confirmed receipt of Plaintiff's application for LTD benefits under the Plan, and LINA has not rendered a decision, thus the application for benefits is due to be deemed denied by Defendant, and further administrative review was thereby waived by the Defendant, in that no decision on which such further appeals would be premised was made as required by federal law.

31.     Plaintiff continues to suffer from Degenerative Joint Disease, Neuropathy, Fibromyalgia, and Anxiety and other exertional and non-exertional impairments which render him disabled from his "Own Occupation" as well as "Any Occupation" as defined by the Plan language.

32.     Plaintiff has exhausted all available administrative remedies afforded by the Plan and has otherwise complied with all conditions precedent to this action, in that Defendant LINA's failure to render a decision Plaintiff's LTD application constituted a waiver of any applicable further administrative remedies under the Plan.

33.     Each of Defendant's deemed denials of Plaintiff's claims for LTD benefits and all other benefits were arbitrary and capricious, constituted abuse of Defendant's discretion under the Plan, and derogated Plaintiff's right

8

to disability benefits under the terms of the Plan.

**WHEREFORE**, Plaintiff prays for a judgment against the Defendant for all Plan benefits owing at the time of said judgment, pre-judgment interest, attorney's fees, costs of this action, and all other relief deemed just and proper by the Court.

Dated this 17th day of June, 2021.

        Respectfully submitted,

        */s/ R. Ian MacLaren*
        R. Ian MacLaren, Esq.
        Florida Bar No.: 47743
        i.maclaren@solowaylawfirm.com
        Daniel M. Soloway, Esq.
        Florida Bar No.: 508942
        d.soloway@solowaylawfirm.com
        Soloway Law Firm
        1013 Airport Blvd
        Pensacola, FL 32504
        (850) 471-3300 (T)
        (850) 471-3392 (P)
        Counsel for Plaintiff